UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE *EX PARTE* APPLICATION OF NATIONAL BANK TRUST FOR AN ORDER TO TAKE DISCOVERY FOR USE IN A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782. | 3:20 - MC - 85 (CSH) <br><br> JUNE 14, 2021 |

### RULING ON THE PARTIES' JOINT REQUEST FOR ENTRY OF PROTECTIVE ORDER [Doc. 7]

**HAIGHT, Senior District Judge:**

Pursuant to Federal Rule of Civil Procedure 26(c), the parties have presented the Court with a jointly proposed protective order to "govern the production of documents pursuant to subpoenas previously approved or to be approved by the Court in [this] matter." Doc. 7, at 1. In particular, the "Protective Order" at issue [Doc. 7-1] "shall apply to information, documents, excerpts from documents, and other materials produced in this action pursuant to Federal and Local Rules of Civil Procedure governing disclosure." Doc. 7-1, ¶ 1.

Under the Protective Order, the parties may label material produced "by any party or third-party in this action" as "Designated Material," which in turn may be further marked as either "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY." *Id.* ¶¶ 3-5. If material is marked "CONFIDENTIAL" by a disclosing party, that party must "reasonably and in good faith" believe that the material's disclosure may reveal "(a) trade secrets, (b) proprietary business information, or (c) information implicating an individual's legitimate expectation of privacy." *Id.*

1

¶ 4. If material is labeled "CONFIDENTIAL-ATTORNEYS' EYES ONLY," the disclosing party must "reasonably and in good faith" believe that it contains information "so highly sensitive that its disclosure to a competitor could result in a significant prejudice to the disclosing party." *Id.* ¶ 5.

After close review, the Court finds "good cause" to grant the parties' motion to enter the jointly proposed "Protective Order" to protect confidential material disclosed during discovery. However, in granting the motion, the Court notes three caveats or limitations.

First, "[t]o the extent the Court approves the issuance of additional subpoenas, the production of documents shall be governed by the Orders approving such subpoenas." *Id*. ¶ 2. In granting the present Protective Order, the Court voices no opinion as to whether it will approve additional subpoenas and/or impose any particular terms with respect to documents or material to be produced thereunder.

Second, there remains an outstanding issue regarding the applicable time-period for documents produced by Summit Management Corporation and the Connecticut Shotgun Manufacturing Company. The parties discuss this issue in their Protective Order as the "Timetable Issue." *Id.* Although "[a]ll documents produced by Peoples United Bank, Bank of America, and Wells Fargo Bank shall be limited in time to January 1, 2016 to the present," "[t]he applicable time period for documents produced by Summit Management Corp. and by Connecticut Shotgun Manufacturing Company (the "Timetable Issue") shall be governed *by a future Order* of the Court but shall not be shorter than the period from January 1, 2016 to the present." *Id.* (emphasis added). In compliance with the parties' agreement, as set forth in footnote 1 to the Protective Order, on May 27, 2021, respondent Sergey Belyaev presented the Timetable Issue to the Court by a separate "Motion for Protective Order"  [Doc. 9], including a supporting memorandum and exhibits [Doc.

10]. *See* Doc. 7-1, at 1 n.1. Thereafter, under the parties' agreed briefing schedule, National Bank Trust ("NBT") "shall file opposition papers [to the Motion on the Timetable Issue] on or before June 17, 2021; and . . .Belyaev shall file reply papers (if any) on or before June 25 2021." *Id.* Upon the parties' completion of briefing, the Court will consider the parties' submissions and resolve Belyaev's "Motion for Protective Order" [Doc. 9] on the Timetable Issue by separate order.

Third, the parties are reminded that "[t]his Protective Order does not provide for the automatic sealing of . . . Designated Material." Doc. 7-1, ¶ 16. Therefore, should any party later seek to enter "Designated Material" into evidence, as judicial documents or exhibits, and request that the material be sealed, the sealing request must demonstrate "clear and compelling reasons" for sealing and be "narrowly tailored to serve those reasons" pursuant to Local Civil Rule 5(e). *See* D. Conn. L. Civ. R. 5(e)(3). In short, the party requesting sealing must "comply with Local Civil Rule 5" by making a proper motion "to file the Designated Material under seal." Doc. 7-1, ¶ 16.

With the aforementioned three points noted, the Court GRANTS the parties' "Request for Entry of Protective Order" [Doc. 7] for "good cause." Accordingly, the Court hereby ADOPTS the parties' jointly proposed "Protective Order" [Doc. 7-1] as an Order of this Court. The Clerk is directed to ENTER the adopted "Protective Order" [Doc. 7-1] as a separate entry on the case docket.

It is SO ORDERED.

Dated:  New Haven, Connecticut
        June 14, 2021

*/s/Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge